IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02152-MEH

TY MESSERLI, on behalf of himself and others similarly situated,

    Plaintiff,

v.

ROOT 9B TECHNOLOGIES, INC.,
JOSEPH J. GRANO, JR.,
KENNETH T. SMITH, and
ERIC HIPKINS,

    Defendants.

---

## ORDER
---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are the Joint Motion to Vacate Scheduling Conference [filed October 8, 2015; docket #13], the Motion of Ty Messerli for Appointment as Lead Plaintiff and Approval of Choice of Counsel [filed October 9, 2015; docket #14], and the Motion of David Hampton for Appointment as Lead Plaintiff and Approval of Selection of Counsel [filed October 9, 2015; docket #15]. The latter two motions were filed originally on August 24, 2015 in the United States District Court for the Central District of California before the case was transferred to this Court, and the motions remain pending here. The record reflects that Ty Messerli filed a "Notice of Non-Opposition to Competing Lead Plaintiff Motion" in response to David Hampton's motion on August 31, 2015. *See* docket #1-24. The Defendants filed nothing in response to the pending motions.

Accordingly, the [Unopposed] Motion of David Hampton for Appointment as Lead Plaintiff and Approval of Selection of Counsel [filed October 9, 2015; docket #15] is **granted in part and**

**denied in part** (*see infra*) and the Motion of Ty Messerli for Appointment as Lead Plaintiff and Approval of Choice of Counsel [filed October 9, 2015; docket #14] is **denied as moot**.

Having considered the provisions of Section 21D(a)(3)(B) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), the Court determines that Mr. Hampton is an adequate Plaintiff and satisfies the requirements of the PSLRA. Thus, the Court **appoints** David Hampton as Lead Plaintiff to represent the interests of the class, as defined in the operative pleading. The Clerk of the Court is **directed** to add Mr. Hampton as a Plaintiff in this case.

Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v), Mr. Hampton has selected and retained the law firm of Levi & Korsinsky LLP to serve as Lead Counsel The Court **approves** Mr. Hampton's selection of Lead Counsel. Mr. Hampton also has selected Shepherd, Finkelman, Miller, & Shah LLP to serve as "Liaison Counsel"; however, Mr. Hampton has provided insufficient cause and/or explanation to justify approval of "Liaison Counsel" in this case.

Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

a. coordinate the briefing and argument of any and all motions;

b. coordinate the conduct of any and all discovery proceedings;

c. coordinate the examination of any and all witnesses in depositions;

d. coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e. call meetings of the Plaintiffs' counsel as he deems necessary and appropriate from time to time;

f. coordinate all settlement negotiations with counsel for Defendants;

    g.    coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter, and to delegate work responsibilities to selected counsel as may be required;

    h.    coordinate the preparation and filings of all pleadings; and

    i.    supervise all other matters concerning the prosecution or resolution of the claims asserted in this case.

No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any Plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by Plaintiffs. No settlement negotiations shall be conducted without the approval of the Lead Counsel. Service upon any plaintiff of all pleadings, motions, or other papers in the case, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel. Lead Counsel shall be the contact between Plaintiffs' counsel and Defendants' counsel, as well as the spokespersons for all Plaintiffs' counsel, and shall direct and coordinate the activities of Plaintiffs' counsel. Lead Counsel shall be the contact between the Court and Plaintiffs and their counsel.

In light of this order, the Joint Motion to Vacate Scheduling Conference [filed October 8, 2015; docket #13] is **granted** as follows. The Scheduling Conference currently set for November 3, 2015 is **vacated and rescheduled** to **November 23, 2015**, at **10:15 a.m.** in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. If this date is not convenient, counsel should confer with opposing counsel and contact my Chambers to obtain an alternate date. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days prior** to the date of the conference.

It is further ORDERED that counsel for the parties in this case are to hold a pre-scheduling conference meeting and jointly prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f) on or before **November 2, 2015**. Pursuant to Fed. R. Civ. P. 26(d), no discovery shall be submitted until after the pre-scheduling conference meeting, unless otherwise ordered or directed by the Court.

Dated at Denver, Colorado, this 14th day of October, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge